UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT WOODFIN** | **CIVIL ACTION** |
| **VERSUS** | |
| **STATE OF LOUISIANA ET AL.** | **NO.: 16-791-BAJ-EWD** |

<u>**RULING AND ORDER**</u>

Before the Court is the **Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 17)** filed by the State of Louisiana, the 19th Judicial District Court, and the 19th Judicial District Probate Court (collectively, the "State"). For the reasons that follow, the **Motion (Doc. 17)** is **GRANTED**.

I. **BACKGROUND**

This case arises from the administration of the estate of Ira Woodfin. (Doc. 12). Claiming an interest in the estate, *pro se* Plaintiff Robert Woodfin sued the State and others under 42 U.S.C. § 1983. (*Id.* at p. 3). He alleges that Ira Woodfin is his grandfather, and he asks the Court to "settle" his claim to estate property. (*Id.*).

The State moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. (Doc. 17). The State argues that the suit raises probate matters outside the Court's jurisdiction. (Doc. 17-1). Plaintiff filed a jumbled opposition; in it, he asks the Court to obtain copies of a will, subpoena probate records from the 19th Judicial

District Court, and grant him leave to "file a brief" stating his claims to the estate. (Doc. 20).

## II. LEGAL STANDARD

This Court is a court of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Plaintiff invokes that jurisdiction, he bears the burden of proving it. *See Glass v. Paxton*, 900 F.3d 233, 238 (5th Cir. 2018). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

## III. DISCUSSION

The Court lacks jurisdiction to probate a will or administer an estate. *See Markham v. Allen*, 326 U.S. 490, 494 (1946). The "probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

The probate exception applies. Plaintiff asks the Court to "settle" his claim to property that is part of his grandfather's estate; in effect, he asks the Court to administer that estate. (Doc. 12 at p. 3.). The Court lacks jurisdiction to do so. *See Marshall*, 547 U.S. at 311. Although only the State moves to dismiss for lack of subject-matter jurisdiction, the Court must dismiss the entire action. *See Arbaugh v.*

2

*Y&H Corp.*, 546 U.S. 500, 515 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 17)** is **GRANTED**. This action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 14th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**